**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on Respondent's trustworthiness or fitness as a lawyer.

**Discipline:** The parties propose the appropriate discipline is a suspension of 90 days without automatic reinstatement. The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than 90 days, without automatic reinstatement, effective immediately.** At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4) and (18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.

---

**In re Failure to Satisfy Costs in Lawyer Discipline Case of Hilary B. RICKS, Respondent.**

**No. 49S00–1507–DI–416.**

Supreme Court of Indiana.

May 6, 2016.

Published Order Suspending Attorney for Failure to Pay Costs

On February 26, 2016, the Indiana Supreme Court Disciplinary Commission filed a "Petition for Suspension of Attorney for Failure to Satisfy Costs Ordered in Connection with Certain Proceedings under Indiana Admission and Discipline Rule 23," asserting that Respondent failed to pay costs assessed in this disciplinary action by the due date of the attorney's annual registration fee (October 1), in violation of the requirements of Indiana Admission and Discipline Rules 23(10)(f)(5) or 23(16), and Respondent is therefore subject to suspension under Admission and Discipline Rule 2(h). Respondent has filed no response to the Commission's petition.

Being duly advised, the Court now SUSPENDS Respondent from the practice of law in Indiana, **effective ten days from the date of this order.** Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Respondent may file an application for reinstatement to the practice of law in this state pursuant to Admission and Discipline Rule 2(h), provided the requirements of that provision are met. Reinstatement will be granted only if no other suspension is in effect and Respondent is otherwise eligible for reinstatement. Applications for reinstatement or for other

relief shall be filed under the cause number for this case.

All Justices concur.

■

### In re Failure to Satisfy Costs in Lawyer Discipline Case of Tracy J. FOLLSTAD, Respondent.

#### No. 49S00–1408–DI–547.

Supreme Court of Indiana.

May 6, 2016.

Published Order Suspending Attorney for Failure to Pay Costs

On February 26, 2016, the Indiana Supreme Court Disciplinary Commission filed a "Petition for Suspension of Attorney for Failure to Satisfy Costs Ordered in Connection with Certain Proceedings under Indiana Admission and Discipline Rule 23," asserting that Respondent failed to pay costs assessed in this disciplinary action by the due date of the attorney's annual registration fee (October 1), in violation of the requirements of Indiana Admission and Discipline Rules 23(10)(f)(5) or 23(16), and Respondent is therefore subject to suspension under Admission and Discipline Rule 2(h). Respondent has filed no response to the Commission's petition.

Being duly advised, the Court now SUSPENDS Respondent from the practice of law in Indiana, **effective ten days from the date of this order.** Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Respondent may file an application for reinstatement to the practice of law in this state pursuant to Admission

and Discipline Rule 2(h), provided the requirements of that provision are met. Reinstatement will be granted only if no other suspension is in effect and Respondent is otherwise eligible for reinstatement. Applications for reinstatement or for other relief shall be filed under the cause number for this case.

All Justices concur.

■

### In re Failure to Satisfy Costs in Lawyer Discipline Case of Ralph W. STAPLES, Respondent.

#### No. 53S00–1408–DI–548.

Supreme Court of Indiana.

May 6, 2016.

Published Order Suspending Attorney for Failure to Pay Costs

On February 26, 2016, the Indiana Supreme Court Disciplinary Commission filed a "Petition for Suspension of Attorney for Failure to Satisfy Costs Ordered in Connection with Certain Proceedings under Indiana Admission and Discipline Rule 23," asserting that Respondent failed to pay costs assessed in this disciplinary action by the due date of the attorney's annual registration fee (October 1), in violation of the requirements of Indiana Admission and Discipline Rules 23(10)(f)(5) or 23(16), and Respondent is therefore subject to suspension under Admission and Discipline Rule 2(h). Respondent has filed no response to the Commission's petition.

Being duly advised, the Court now SUSPENDS Respondent from the practice of